IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOSE GARCIA<br><br>    Plaintiff,<br><br>vs.<br><br>CARIBBEAN SUN AIRLINES, INC., d/b/a WORLD ATLANTIC AIRLINES<br><br>    Defendant. | Case No: B-20-CV-119 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
<u>PLAINTIFF'S ORIGINAL PETITION</u>**

Without waiver of any rights, privileges, or defenses, and without conceding the appropriateness of this forum for resolution of this dispute and without waiving its defense as to lack of personal jurisdiction in Texas, Defendant CARIBBEAN SUN AIRLINES, INC., d/b/a WORLD ATLANTIC AIRLINES ("World Atlantic Airlines"), by its attorneys, ESPARZA & GARZA, LLP and KMA ZUCKERT LLC, for its Answers and Affirmative Defenses to Plaintiff's Original Petition States as follows:

1. World Atlantic Airlines denies each and every allegation contained in Paragraph I of Plaintiff's Original Petition.

2. World Atlantic Airlines lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of Cameron County, Texas. World Atlantic Airlines admits that it is a Delaware corporation with its headquarters in Miami, Florida. World Atlantic Airlines denies the remaining allegations contained in Paragraph II of Plaintiff's Original Petition.

3. World Atlantic Airlines denies all allegations contained in paragraph III if Plaintiff's Original Petition. World Atlantic Airlines further objects to the exercise of personal jurisdiction over it in Texas.

4. World Atlantic Airlines lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff was a passenger aboard a World Atlantic Airlines flight from Brownsville, Texas to Columbus, Georgia. World Atlantic Airlines denies the remaining allegations contained in Paragraph IV of Plaintiff's Original Petition.

5. World Atlantic Airlines admits only those duties imposed by applicable law and denies owing any duty in the specific manner at the specific time and place alleged in Paragraph V of Plaintiff's Original Petition. World Atlantic Airlines denies the remaining allegations in Paragraph V of Plaintiff's Original Petition.

6. Paragraph VI of Plaintiff's Original petition does not contain facts that require Defendant to admit or deny. If for some reason an answer is required, World Atlantic Airlines denies the allegations.

7. World Atlantic Airlines denies each and every allegation contained in Paragraph VII of Plaintiff's Original Petition, including subparagraphs 1 through 6.

8. World Atlantic Airlines denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer for relief contained in Plaintiff's Original Petition.

9. Furthermore, World Atlantic Airlines denies all allegations in Plaintiff's Original Petition that are not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

10. World Atlantic Airlines, pleading in the alternative, and without prejudice to its denials asserted in its Answer to Plaintiff's Original Petition. Asserts and alleges the following separate and affirmative defenses to Plaintiff's Original Petition. By listing any matter as a defense, World Atlantic Airlines does not assume the burden of proving any matter upon which Plaintiff, or any other party, bears the burden of proof under the applicable law. In addition, World Atlantic Airlines specifically reserves the right to restate, amend, or delete any defense, and to assert any additional defenses as additional facts become known.

11. World Atlantic Airlines asserts that this Court does not have personal jurisdiction, general or specific, over World Atlantic Airlines and therefore the claims against World Atlantic Airlines should be dismissed for lack of personal jurisdiction.

12. World Atlantic Airlines asserts that the alleged damages complained of it in Plaintiff's Original Petition were caused by the direct and proximate negligence of other persons, firms, corporations, entities, or parties over whom World Atlantic Airlines had no control at any time relevant hereto, including but not limited to non-parties. Therefore, in the event that World Atlantic Airlines is found liable in this matter, which World Atlantic Airlines

expressly denies, the negligence of all parties must be compared pursuant to Chapter 33 of the Texas Civil Practice and Remedies code, other law, and/or the common law governing contribution and indemnity.

13. To the extent necessary (and without waiving the foregoing and/or in the alternative), and in the event one or more of the parties in this case, or any party or non-party providing benefits to the Plaintiff, have settled any claims against them or any part thereof, including provisions of any benefit prior to judgment, World Atlantic Airlines asserts that it would be entitled to a credit for the amount paid by any settling party, thereby crediting, reducing, and/or settling off World Atlantic Airlines' liability to the Plaintiff (in the unlikely event that World Atlantic Airlines is found labile in the first instance).

14. World Atlantic Airlines asserts that to the extent necessary (and without waiving the foregoing and/or in the alternative), in the event of recovery of damages is made to the Plaintiff, World Atlantic Airlines is entitled to such reduction as required by § 41.0105 of the Texas Civil Practices & Remedies Code, which provides as follows: "In addition to any other limitation under law, recovery of medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of the claimant."

15. World Atlantic Airlines asserts that recovery by Plaintiff, if any, should be reduced by any collateral source payment that has been or will be paid to Plaintiff.

16. World Atlantic Airlines asserts that to the extent necessary (and without waiving the foregoing and/or in the alternative), in the event of recovery of damages from World Atlantic Airlines in this case, any award of pre- and/or post-judgment interest is limited by the provisions of §§ 304.103, 304.1045, and 304.003 of the Texas Finance Code.

17. World Atlantic Airlines asserts that to the extent necessary (and without waiving the foregoing and/or in the alternative), in the event an award of damages is made to Plaintiff, World Atlantic Airlines is entitled to such reduction as required by Section 18.091 of the Texas Civil Practices & Remedies Code, which provides as follows: "Notwithstanding any other law, if any claimant seeks recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value, or loss of inheritance, evidence to prove the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law." Tex. Civ. Prac. & Rem. Code § 18.091.

18. World Atlantic Airlines asserts that Plaintiff is not entitled to recover damages for any condition that did not result from the occurrence in question.

19. World Atlantic Airlines specifically pleads, invokes, and reserves the following rights guaranteed by Chapter 33 of the Texas Civil Practices & Remedy Code to the extent that they are ultimately applicable to this case:

    a. The right to elect the application of credit toward any judgment and/or verdict which may be obtained in this case;

    b. The right to a full reduction on limitation or any sum which may be recovered by Plaintiff;

    c. The right to determination by the trier of fact on the issue of percentage of responsibility of each Plaintiff, each Defendant, each liable defendant, each responsible third party, and each settling person or party; and

    d. The right to contribution from any other person or entity found to be liable to Plaintiff.

20. World Atlantic Airlines specifically reserves the right to assert any other claims or affirmative defenses that may develop during the course of the investigation, discovery, and litigation of this action.

## **PRAYER**

WHEREFORE, Defendant, CARIBBEAN SUN AIRLINES, INC., d/b/a WORLD ATLANTIC AIRLINES, prays that the plaintiff take nothing by reason of Plaintiff's Original Petition, that this Honorable Court dismiss Plaintiff's Original Petition with prejudice, that Defendant, WORLD ATLANTIC AIRLINES recover its costs, and for such further relief that this Court deems just.

Dated: August 20, 2020                                                                    Respectfully submitted,

                                                                                       **ESPARZA & GARZA, L.L.P.**
                                                                                       964 E. Los Ebanos Blvd.
                                                                                       Brownsville, Texas 78520
                                                                                       Telephone: (956) 547-7775
                                                                                       Facsimile: (956) 547-7773

                                                                                       By: /s/ Eduardo G Garza
                                                                                            Eduardo G Garza
                                                                                            State Bar No. 00796609
                                                                                            USDC Adm. No. 20916
                                                                                            eddie@esparzagarza.com
                                                                                            Roman "Dino" Esparza
                                                                                            State Bar No. 00795337

USDC Adm. No. 22703
dino@esparzagarza.com
**Attorneys for Defendant**

- and –

Telly Andrews (*pro hac vice to be filed*)
Robert A. Braun (*pro hac vice to be filed*)
John M. Frawley (*pro hac vice to be filed*)
KMA ZUCKERT LLC
200 West Madison Street, 16th Floor
Chicago, Illinois 60606
tandrews@kmazuckert.com
rbraun@kmazukert.com
jfrawley@kmazuckert.com
Telephone: (312) 345-3000
Facsimile: (312) 345-3119

*Attorneys for Defendant
Caribbean Sun Airlines, Inc., d/b/a
World Atlantic Airlines*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on August 20, 2020, pursuant to Fed. R. Civ. P. 5 and LR 5.5, a true and correct copy of the foregoing Defendant's Answers and Affirmative Defenses to Plaintiffs' Original Petition was filed with the Clerk of Court using the CM/ECF System, which will send notification of such filing to the attorneys of record at the email addresses on file with the court, or was served by the method indicated below:

| | |
|---|---|
| *Counsel for Plaintiff* | |
| Larry W. Lawrence, Jr. | [X] Via CM/ECF |
| Michael A. Lawrence | [X] Via Email |
| Lawrence Law Firm | [ ] Via FedEx |
| 3112 Windsor Rd., Suite A234 | [ ] Via Hand Delivery |
| Austin, Texas 78703 | [ ] Via U.S. Mail |
| lawrencefirm@gmail.com | |

/s/ Eduardo G Garza
Eduardo Garza